# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **ROGER SCHLOSSBERG,** | * | |
| Plaintiff. | * | |
| v. | * | **United States District Court** <br> **Case No.: PWG-13-3932** |
| **SPENCER & ASSOCIATES** | * | |
| **ARCHITECTS, LLC,** | * | |
| Defendant. | * | |
| **ROGER SCHLOSSBERG,** | * | |
| Plaintiff. | * | |
| v. | * | **United States District Court** <br> **Case No.: PWG-13-3759** |
| **CANAL WALK CONSTRUCTION, LLC,** *et al.*, | * | |
| Defendants. | * | |

# MEMORANDUM AND ORDER OF REFERENCE
# TO UNITED STATES BANKRUPTCY JUDGE

Plaintiff Roger Scholossberg is the Chapter 7 Trustee of Debtor Bell Builders, Inc. ("Bell Builders") in its case before the Honorable Thomas J. Catliota, United States Bankruptcy Judge for the District of Maryland, Chapter 7 Case No. 11-30672. Scholossberg brought two adversary proceedings in the bankruptcy court pursuant to 11 U.S.C. §§ 547(b), 550(a)(1) to recover allegedly preferential transfers to Spencer & Associates Architects, LLC, Adversary Proceeding No. 13-634 (the "SAA Case"), Canal Walk Construction, LLC, and Scott Spencer, Adversary Proceeding No. 13-604 (the "Canal Walk Case"). In December 2013, the Defendants in these

two adversary proceedings moved this Court to withdraw the reference of those matters to the bankruptcy court, which the Court granted on January 28, 2014 for the Canal Walk case and on February 20, 2014 for the SAA case.

In *Langenkamp v. Culp*, the Supreme Court noted that "[i]f a party does not submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial." 498 U.S. 42, 44 (1990) (citing *Granfinanciera v. Nordberg*, 492 U.S. 33, 58–59 (1989)) (per curiam). However, that language may be considered *dictum* because the preference defendant in *Langenkamp had* submitted a bankruptcy claim. The Supreme Court quoted that language in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594 (2011), holding that a counterclaimant bringing a state law tort against the bankruptcy estate was entitled to a jury trial. Again, however, the counterclaimant in *Stern had* submitted a bankruptcy claim. Some courts have distinguished *Stern* on that basis and the Fourth Circuit has not spoken on the issue. *See, e.g.*, *Badami v. Sears*, 461 B.R. 541, 547–48 (B.A.P. 8th Cir. 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional.").

Assuming, without deciding, that Defendants are correct as to the Article III question, "a bankruptcy court can submit findings and conclusions where it otherwise cannot hear and decide a case." *Dang v. Bank of Am., N.A.*, No. RDB-12-3343, 2013 WL 1683820, at *12–13 (D. Md. Apr. 17, 2013) (citing cases). There is "'significant value in having the bankruptcy court preside over preliminary legal and discovery issues in a proceeding that is related to th[e] bankruptcy action' when the dispute is 'but one' of many actions having common issues with the bankruptcy

2

proceeding.'" *In re Erickson Ret. Cmty., LLC*, No. WDQ-11-3736, 2012 WL 1999493, at *3–4 (D. Md. June 1, 2012) (quoting *In re El-Atari*, No. 11-1090, 2011 WL 5828013, *6 (E.D. Va. Nov. 18, 2011)).

Accordingly, pursuant to 28 U.S.C. § 157(c)(1), both cases captioned above ARE REFERRED to the Honorable Thomas J. Catliota, United States Bankruptcy Judge, for said District, to conduct all discovery and pretrial proceedings. For any dispositive matters, the bankruptcy court will submit proposed findings of fact and conclusions of law in the form of a report and recommendation for the district court's *de novo* review. The Clerk shall docket this Order in both district court cases and all three bankruptcy court cases referenced above.

So ORDERED this 4th day of March, 2014.

                                        BY THE COURT:

                                        _____/S/_____
                                        Paul W. Grimm
                                        United States District Judge

jwr